**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ESTATE OF HECTOR SALAS, JR.,** | § | |
| **HECTOR SALAS, SR., as representative** | § | |
| **and individually, ANDREA SILVA,** | § | |
| **individually and a/n/f for H.S. and A.S.,** | § | |
| **CYNTHIA MONTIEL, a/n/f for E.S.,** | § | **CIVIL ACTION NO. 4:21-CV-00484** |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HARRIS COUNTY, BEN TAUB** | § | |
| **HOSPITAL,[1] and RICHINA BICETTE,** | § | |
| **in her individual capacity,** | § | |
| | § | |
| **DEFENDANTS.** | § | |

## BEN TAUB'S MOTION TO DISMISS PLAINTIFFS' ORIGINAL PETITION

Defendant Ben Taub Hospital (which is *non sui juris*, the proper name of the party being Harris County Hospital District d/b/a Harris Health System) ("Ben Taub") files this motion to dismiss (the "Motion") the original petition (the "Petition") filed by Plaintiffs Estate of Hector Salas, Jr., Hector Salas, Sr., Andrea Silva, and Cynthia Montiel, all in their respective capacities (collectively, "Plaintiffs") and would respectively state the following:

### I. SUMMARY OF ARGUMENT

1.     Plaintiffs' Petition falls well short of Rule 8's requirements.  It asserts § 1983, Americans with Disabilities Act (ADA), and negligence claims against Ben Taub.  But besides a few conclusory statements, it never comes close to saying what Ben Taub actually did to harm Hector Salas, Jr. ("Salas") or any of the Plaintiffs.

---

[1] The Petition's caption misspells Ben Taub as "Ben Tuab."

2. By generously construing the Petition, Ben Taub believes that Plaintiffs' claims are based on the quality of medical care that Salas received when he came to Ben Taub on November 28, 2018. However, Plaintiffs cannot bring malpractice claims under the guise of either § 1983 or the ADA.

3. Further, this Court lacks subject-matter jurisdiction to consider any state-law claims based on Salas's treatment because Ben Taub has governmental immunity. The Petition alleges only failures to provide care, for which governmental immunity is not waived. Also, Plaintiffs never provided Ben Taub with the statutorily-required notice of any claims relating to Salas's treatment.

4. With respect to any ADA claim, Plaintiffs do not plead any facts supporting one, and the Petition contains no record of Hector Salas or anyone else having satisfied the administrative prerequisites to filing an ADA suit.

5. Finally, all of Plaintiffs' claims are time-barred. The Petition says that Salas received sub-standard medical care when he came to Ben Taub on November 28, 2018. Plaintiffs never allege any other interactions with Ben Taub. The Petition was filed on November 30, 2020, over two years after Salas's only alleged interaction with Ben Taub and past the two-year statute of limitations applied to claims under § 1983, the ADA, or Texas law.

6. For these reasons, the Petition should be dismissed.

## II. PROCEDURAL HISTORY

7. Plaintiffs actually already filed a lawsuit about Salas's death. On August 19, 2019 in the 190th District Court of Harris County, Texas under Cause No. 2019-57573, Plaintiffs filed a lawsuit against the City Galena Park, Police Chief Rick Gonzales, and unnamed John Does. Ex. A. That case was later removed to federal court and dismissed ***with prejudice*** on

December 31, 2020. *See* ECF Nos. 29 & 30, Civil Action No. H-19-4479 (S.D. Tex.), collectively attached as Exs. B & C.

8. Plaintiffs filed this lawsuit in the 164th District Court of Harris County, Texas under Cause No. 2020-76778 on November 30, 2020. ECF No. 1, Ex. A ("Petition"). Thus, Plaintiffs filed this case while their earlier case was still pending.

9. The allegations in this case are identical to those in the earlier case. Only the names of the parties have changed. In fact, in several places the Petition retains the names of old parties. *See, e.g.*, Petition at ¶¶ 74–86. For example, the very first paragraph of the Petition blames only "the City of Galena Park" for Salas's death. *Id.* at ¶ 1.

10. In dismissing the earlier case, the Court's order of dismissal ***with prejudice*** notes, among other things, that "plaintiffs have waived their state-law negligence claim by admitting that it does not fall under the state's limited waiver of sovereign immunity. Since the plaintiffs do not support their constitutional claims with factual allegations, they fail." Ex. B.

11. Thus, it appears that Plaintiffs—worried that the Court would dismiss their inadequately pled claims—haphazardly copy-and-pasted their allegations from the earlier lawsuit into this lawsuit.

### III. FACTS

12. For the purposes of this Motion only, the Court must take the factual allegations (though not any legal conclusions couched as factual allegations) in the Petition as true. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Christiana Tr. v. Riddle*, 911 F.3d 799, 802 (5th Cir. 2018). This Motion recounts only facts relevant to Plaintiffs' claims against Ben Taub.

13.    On the morning of November 28, 2018, Salas was taken to Ben Taub.  Petition, ¶ 4.  Once there, he told Dr. Richina Bicette that he was depressed and had attempted suicide.  *Id.* at ¶¶ 7–9.  Despite this, Dr. Bicette discharged Salas without a mental-health hold[2] just a few hours later.  *Id.* at ¶ 10.  Plaintiffs also allege contradictorily that Salas "was released, without observation or treatment."  *Id.* at ¶ 38.  Dr. Bicette allegedly ignored his medical needs, which amounted to deliberate indifference.  *Id.* at ¶ 56.

14.    Beyond these sparse details, Plaintiffs make conclusory allegations, such as "Salas died as a result of Defendants' deliberate indifference, reckless, wrongful acts and omissions, neglect, and carelessness actions [sic] under the Texas Tort Claim Act for the Medical Negligence under Tex. Prac. Remedies [sic] Code Chapter 74 claims [sic] under the Americans with Disabilities Act, 42 U.S.C. § 1983 for the actions of Dr. Bicette and Ben Taub."  *See, e.g.*, *id.* at ¶¶ 100–109.  Similarly, the Petition states that "Defendants . . . failed to supply sufficient mental health care to manage acute psychiatric episodes that resulted in injury . . . ."  *Id.* at ¶ 109.

15.    The allegation that Salas died in the Galena Park jail on November 30, 2019 is a typographical error.  *See, e.g.*, *id.* at ¶¶ 1, 32, 93.   The Court can take judicial notice that he actually died on November 30, 2018.  Plaintiffs' earlier petition said he died on November 30, 2018, and therefore Plaintiffs have judicially admitted his date of death.  Exs. A & B.  Also, Plaintiffs earlier lawsuit—filed in August 2019—brought wrongful death and survivor claims.  *Id.*  This would have been impossible if Salas had not passed away until November 2019.

---

[2] "Mental health hold" may refer to the process in Chapter 573 of the Texas Health and Safety Code by which a peace officer can take a person suspected of being a danger to himself to a hospital for evaluation.

## IV. LEGAL STANDARDS

16.    **Rule 12(b)(1)**.  "Under FRCP 12(b)(1), a party may challenge the subject matter jurisdiction of the court to hear a case."  *Walker v. Beaumont ISD*, 938 F.3d 724, 734 (5th Cir. 2019).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).  "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Walker*, 938 F.3d at 734.

17.    When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack first.  *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010) (citing *Ramming*, 281 F.3d at 161).

18.    **Rule 12(b)(5)**.  Rule 12(b)(5) allows a party to move to dismiss for insufficient service of process.  The party making service bears the burden of demonstrating valid service of process once an objection is raised.  *See Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

19.    **Rule 12(b)(6)**.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Rule 12(b)(6) allows a party to seek dismissal of a claim for "failure to state a claim upon which relief can be granted."  *Id.* 12(b)(6).

20.    A complaint must set forth facts that, if accepted as true, "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must "plead[ ] factual content that allows the court to

5

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). These "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

21.     Mere "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "an unadorned, the-defendant-unlawfully-harmed-me accusation" will not do. *Id.*; *Iqbal*, 556 U.S. at 678. Further, courts do not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

22.     "Determining whether the plausibility standard has been met is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

## V. ARGUMENT

**A.     Plaintiffs Cannot Overcome Ben Taub's Governmental Immunity (12(b)(1)).**

i.     Plaintiffs Alleges Only Failures to Act.

23.     "Sovereign immunity deprives the court of subject matter jurisdiction." *Walker*, 938 F.3d at 734. Ben Taub is a unit of local government of the State of Texas established for the governmental functions of providing medical and hospital care to the indigent or needy inhabitants of Harris County. TEX. CONST. art. IX § 4; TEX. HEALTH & SAFETY CODE § 281.002. As such, Ben Taub enjoys sovereign immunity[3] from common-law tort liability. *See Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838 (Tex. 2009).

---

[3] The immunity to which Ben Taub is entitled is technically "governmental immunity," which "protects political subdivisions of the State." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694, n.3 (Tex. 2003). This distinction does not affect the analysis of Ben Taub's immunity from Plaintiffs' claims. *See Tex. Transp. Comm'n v. City of Jersey Village*, 478 S.W.3d 869, 882 (Tex. App. 2015—Houston [14th Dist.], 2015, pet. denied).

24.     "The Texas Tort Claims Act [TTCA] provides a limited waiver of immunity for certain suits against governmental entities . . . ."  *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (citing TEX. CIV. PRAC. & REM. CODE § 101.023).  The TTCA waives sovereign immunity only for claims for personal injury or death that are proximately caused by a condition or use of tangible personal or real property.  *See* TEX. CIV. PRAC. REM. CODE § 101.021(2).

25.     This waiver does not encompass failures to act, including failures to monitor or use acceptable practices.  *Univ. of Texas M.D. Anderson Cancer Ctr. v. King*, 329 S.W.3d 876, 880–81 (Tex. App.—Houston [14th Dist.], 2010, pet. denied) (no waiver of immunity for allegations of failure to act or to use property, failure to supervise, failure to investigate, failure to monitor, failure to address risk and use of medication); *Univ. of Tex. Med. Branch at Galveston v. Simmons*, No. 14-11-00215-CV, 2012 WL 19665 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (no waiver of immunity for allegations of failure to train, failure to develop proper procedures, failure to follow proper procedures and policies); *Univ. of Texas at Brownsville v. Ramos*, No. 13-11-00302-CV, 2012 WL 256137, at *7 (Tex. App.—Corpus Christi Jan. 26, 2012, pet. denied) ("There is no waiver of immunity under the 'tangible personal property' provision of the [TTCA] for injuries proximately caused by the negligent failure to act.").

26.     Here, Plaintiffs summarily allege that Ben Taub failed to supply sufficient mental-health care, or perhaps failed to put Salas in a "mental health hold."  However, the TTCA does not waive sovereign immunity for any state-law claims based on these failures because the TTCA does not waive immunity for claims based on failures to act.  *See Beaumont State Ctr.*, 108 S.W.3d at 900.  Therefore, the TTCA does not waive immunity for Plaintiffs' state-law claims.

7

ii.    Plaintiffs Never Provided The Required Notice of their Claims.

27.    The TTCA requires claimants to send notice of a claim against a governmental unit "not later than six months after the day that the incident giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE § 101.101(a).   The notice must reasonably describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident itself.  *Id.* Providing notice under § 101.101 is not a statute of limitations; it is a jurisdictional prerequisite to suit.  TEX. GOV'T CODE § 311.034; *City of Dallas v. Carbajal*, 324 S.W.3d 537, 537–38 (Tex. 2010).  Thus, if the required notice is not provided, a court lacks subject-matter jurisdiction to consider the claims.

28.    Plaintiffs never plead any facts suggesting that they submitted the required notice, much less that they provided it by May 28, 2019.  Attached to this Motion is an affidavit from Victoria Duncan, who confirms that Ben Taub received no notice of Plaintiffs's claim.  Ex. D. Therefore, the TTCA does not waive immunity for Plaintiffs' state-law claims because Plaintiffs never provided the required notice.

iii.    Ben Taub Did Not Have Actual Notice of Plaintiffs' Claims.

29.    A claimant does not have to provide notice if a governmental unit had actual notice that a death occurred or that a claimant has suffered some injury.  *See* TEX. CIV. PRAC. & REM. CODE § 101.101(c).  Actual notice requires: (1) knowledge of the death or injury; (2) subjective awareness of the governmental unit's fault in producing or contributing to the death or injury; and (3) knowledge of the identity of the parties involved.  *Cathey v. Booth*, 900 S.W.2d 339, 340–41 (Tex. 1995) (per curiam); *Texas Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 347 (Tex. 2004), *superseded by statute on other grounds by* TEX. GOV'T CODE § 311.034.

30. Plaintiffs do not allege that Ben Taub had actual notice of their claims. Regardless, the Petition never even hints that Ben Taub had knowledge of any injuries suffered by Salas or Plaintiffs, any awareness of its fault in producing those injuries, or any knowledge of the parties involved. For these reasons, governmental immunity is not waived for Plaintiffs' claims.

**B.      Plaintiffs Have Not Properly Served Ben Taub (12(b)(5)).**

31. Texas Civil Practice and Remedies Code § 101.102 states that in suits against political subdivisions of the state of Texas, "citation must be served as in other civil cases unless no method of service is provided by law, in which case service may be on the administrative head of the governmental unit being sued." TEX. CIV. PRAC. & REM. CODE § 101.102(c). No other statute specifies how Ben Taub is to be served with process. Accordingly, under § 101.102(c), Ben Taub's administrator (i.e., its CEO) is Ben Taub's sole agent for service of process. *See* TEX. HEALTH & SAFETY CODE §§ 281.026(a) & (e).

32. The same is true under Rule 4(j)(2), which says that suits against state or local governments must be served by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

33. Plaintiffs purported to serve their lawsuit not by mailing it to Ben Taub's CEO, but by simply mailing it to "1504 Ben Taub Loop Houston, TX 77030." Ex. E. This is not proper service under either state or federal rules.

34. Even if service by certified mail were proper in this case, the certified mail receipt for the mailing to "1504 Ben Taub Loop Houston, TX 77030" is not signed, which means service

of process is still defective. *Bradley Wells Corp. v. Higginbotham*, No. 12-04-114-CV, 2004 WL 2423563, at *2 (Tex. App.—Tyler Oct. 29, 2004, no pet.). Ex. E.

### C. Plaintiffs Do Not State any Viable § 1983 Claims (12(b)(6)).

#### i. Plaintiffs § 1983 Claims Are Time-Barred.

35. The statute of limitations for a § 1983 claim is two years. *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018). Plaintiffs allege only that Ben Taub failed to provide Salas medical sufficient care on November 28, 2018. Plaintiffs filed this case two days late on November 30, 2020. *Brockman v. Tex. Dep't Crim. Justice*, 397 F. App'x 18, 23 (5th Cir. 2010) (finding that claims under 42 U.S.C. § 1983 and the ADA accrued at the time that the decedent received allegedly insufficient care as opposed to at the time of his death).

#### ii. Plaintiffs Do Not Plead a Policy or Custom of Ben Taub.

36. Section 1983 provides a private right of action against a person (including local government units) acting under the color of state law to redress the deprivation of rights, privileges, and immunities secured by the U.S. Constitution or federal law. *See, e.g.*, 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017); *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978); *see also City of Dallas v. Saucedo-Falls*, 268 S.W.3d 653, 658 (Tex. App.—Dallas 2008, pet. denied). It is not a source of substantive rights but a remedial statute designed to vindicate federal rights conferred elsewhere. *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *see also Wilkinson v. Dallas/Ft. Worth Int'l Airport Bd.*, 54 S.W.3d 1, 20 (Tex. App.—Dallas 2001, pet. denied).

37. There are two elements to a § 1983 action: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of

10

rights secured by the Constitution or the laws of the United States. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

38.    To satisfy the first prong of a § 1983 claim against a hospital district, a plaintiff must show that "the District had a policy or custom that caused [a] constitutional deprivation." *Okon v. Harris Cty. Hosp. Dist.*, 426 F. App'x 312, 316 (5th Cir. 2011). "This means that to succeed on her claim . . . , [a plaintiff] must (a) identify a policymaker, (b) identify an official policy or custom, and (c) demonstrate that the official policy or custom was a moving force behind the violation of her constitutional rights." *Wade v. Montgomery Cty., Tex.*, No. 4:17-CV-1040, 2019 WL 5653878, at *3 (S.D. Tex. Sept. 30, 2019) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

39.    Here, Plaintiffs never plead any policy or practice of Ben Taub. They never identify a Ben Taub policymaker or a Ben Taub policy or custom. They also do not provide any explanation about how any policy or practice was a moving force behind their constitutional rights.

40.    Furthermore, the Fifth Circuit has held that one incident does not show a policy or custom. *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753–54 (5th Cir. 2009); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002). Plaintiffs' Petition relates only to one incident: Salas's visit to Ben Taub on November 28, 2018. This falls well short of pleading any policy or custom.

     iii.    <u>Plaintiffs Cannot State a § 1983 Claim for Medical Malpractice or Negligence</u>.

41.    Plaintiffs allege that Salas received insufficient medical care. However, § 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties arising out of tort law. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Medical negligence,

malpractice, or unsuccessful medical treatment do not "give rise to a § 1983 cause of action." *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). Therefore, Plaintiffs cannot state a § 1983 claim against Ben Taub based on the quality of Salas's medical care or any failure to provide such care.

**F.      Plaintiffs Cannot State an ADA Claim (12(b)(6)).**

i.       <u>Any ADA Claim Is Time-Barred</u>.

42.      Courts apply a two-year statute of limitations to ADA claims. *See Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011)). Salas's only interaction with Ben Taub occurred on November 28, 2018. Thus, Plaintiffs filed this case two days late on November 30, 2020. *Brockman*, 397 F. App'x at 23.

ii.      <u>Plaintiffs Never Exhausted Their Administrative Remedies</u>.

43.      A plaintiff has to exhaust their administrative remedies before bringing an ADA claim. *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). To do so, they must file a charge with the EEOC or the Texas Workforce Commission within 180 or 300 days after the alleged unlawful conduct occurred. *Id.*; 42 U.S.C. § 2000e-5(e)(1). Further, they must bring a lawsuit within 90 days of receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). Filing a charge is a mandatory prerequisite to suit. *Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843 (U.S. 2019).

44.      Plaintiffs never allege or even suggest that they exhausted their administrative remedies with respect to their ADA claim. Therefore, the Court must dismiss their ADA claim.

iii.     <u>Plaintiffs Never Plead Any Facts to Support an ADA Claim</u>.

45.      Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  To succeed on a claim under the ADA, a plaintiff must show that (1) he has a qualifying disability; (2) he has been denied the benefits of services, programs, or activities for which the public entity is responsible, or was otherwise discriminated against by the public entity; and (3) he was discriminated against by reason of her disability.  *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

46.     The Petition completely fails to state an ADA claim.  There is no allegation that Salas had a qualifying disability or that he was discriminated against.  Further, the Petition never says that Salas was denied any services or benefits on account of any disability.

47.     Finally, the ADA simply does not provide remedies for unsatisfactory medical care, which is Plaintiffs' only allegation against Ben Taub. *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005) (noting that "[s]everal circuits have expressly concluded that neither the ADA nor the Rehabilitation Act provide remedies for alleged medical negligence").

48.     For these reasons, Plaintiffs entirely fail to state an ADA claim.

**G.     Plaintiffs' State-Law Claims Are Also Time-Barred (12(b)(6)).**

49.     Under Texas law, a "health care liability claim" under Chapter 74 expires two years after a claimant's cause-of-action accrues. TEX. CIV. PRAC. & REM. CODE § 74.251(a).  A health care liability claim is defined as:  "a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract."  *Id.* § 74.001(a)(13).

13

50. Plaintiffs are asserting a health care liability claim against Ben Taub because their only complaint is that Salas received sub-standard medical care when he went to Ben Taub on November 28, 2018. Accordingly, Plaintiffs' health care liability claims were subject to a two-year statute of limitation.

51. The limitations period for health care liability claims runs from one of three events: (1) the date the breach or tort occurred; (2) the date the treatment that is the subject of the claim is completed; or (3) the date the hospitalization for which the claim is made is completed. *Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex. 1987). In the Petition, the only interaction that Salas had with Ben Taub occurred on November 28, 2018, when he went to Ben Taub Hospital. Thus, the limitations period expired on November 28, 2020, two days before Plaintiffs filed suit. Plaintiffs' state-law claims are therefore time-barred.

**H.    The Overarching Problem:  Plaintiffs Never Say What Ben Taub Did (12(b)(6).**

52. All of Plaintiffs' claims against Ben Taub suffer from a common problem: they are, at best, based on conclusory statements about wrongdoing by Dr. Bicette, not by anyone at Ben Taub. Dr. Bicette is specifically being sued in her individual capacity, not in any representative capacity.[4] ¶ 30. The Petition never states she is Ben Taub's employee, and she is in fact not a Ben Taub employee. The only allegations against Ben Taub specifically are legal boilerplate that in many cases are stated against "Defendants" collectively. *E.g.*, ¶ 56 (mentioning Ben Taub's "deliberate indifference"); ¶ 101 (stating that "Salas died as a result of the Defendants' deliberate indifference, reckless, wrongful acts and omissions . . . ."); ¶ 103

---

[4] Even if she had been sued as a representative of Ben Taub, Plaintiffs cannot state a § 1983 claim against Ben Taub based on the doctrine of respondeat superior. *See* supra, Section C.

("Defendants breached all of their duties.").[5]  These allegations, which in substance are just legal conclusions, are insufficient to state any claims against Ben Taub.  *Iqbal*, 556 U.S. at 678.

## VI. CONCLUSION

53.     The Petition should be dismissed.  Ben Taub also has governmental immunity from Plaintiffs' state-law claims.  Plaintiffs failed to properly serve Ben Taub.  All their federal claims are time-barred.  And more generally, to the extent that their claims could conceivably have merit, Plaintiffs fail to plead facts to support them.  Therefore, Ben Taub respectfully requests that the court grant the Motion.

Date: February 17, 2021

Respectfully submitted,

CHRISTIAN D. MENEFEE
HARRIS COUNTY ATTORNEY

By: */s/ Michael D. Fritz*
Michael D. Fritz
Assistant County Attorney
Texas Bar No. 24083029
S.D. Tex ID No. 2440934
*Michael.Fritz@harrishealth.org*
4800 Fournace Place
Sixth Floor, East Wing
Houston, Texas 77401
(346) 426-0326 (telephone)
(713) 566-6558 (facsimile)

*Attorney-in-Charge for "Ben Taub Hospital" which is not sui juris, the proper name of the party being Harris County Hospital District a/k/a Harris Health System*

---

[5] Paragraph 38 notes that "[Salas] was released, without observation or treatment."  But that statement does not identify who was responsible for his observation or treatment, and indeed contradicts earlier parts of the Petition that describe Dr. Bicette's observations of Salas.  ¶¶ 7–10.

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

*/s/ Michael D. Fritz*
Michael D. Fritz