8/19/2019 10:24 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36063618
By: Joshua Hall
Filed: 8/19/2019 10:24 AM

*2019-57573 / Court: 190*

CAUSE NO. _____

| | |
|---|---|
| ESTATE OF HECTOR SALAS, JR., § | IN THE DISTRICT COURT OF |
| HECTOR SALAS SR., as § | |
| representative and individually, § | _____ JUDICIAL DISTRICT |
| ANDREA SILVA individually, and § | |
| A/N/F for H.S., and A.S., CYNTHIA § | |
| MONTIEL A/N/F for E.S., § | |
| *Plaintiffs,* § | HARRIS COUNTY, TEXAS |
| v. § | |
| § | |
| THE CITY OF GALENA PARK, § | |
| CHIEF RICK GONZALES, and § | |
| DOES 1-5 | |
| *Defendant.* | |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now ESTATE OF HECTOR SALAS, JR., HECTOR SALAS SR., as

representative and individually, ANDREA SILVA individually, and as next friend

for H.S., and A.S., CYNTHIA MONTIEL as next friend for E.S., (collectively

"Plaintiffs") complaining of THE CITY OF GALENA PARK, TEXAS ("Galena

Park"); and OFFICER DOE files this, their Original Petition.

## INTRODUCTION

1. Hector Salas Jr., the father of three, died November 30, 2018, in the City of Galena Park jail due to Galena Park failing to protect, and ignoring the medical and mental healthcare needs of Hector Salas, resulting in his suicide.

2. Hector was placed in custody because he was suicidal. His wife, Andrea Salva, called the police because he had taken a handful of pills.

3. He was taken to Ben Taub then released. She called them again the next day because he was still suicidal. The jail noted he was suicidal upon intake.

4. A surveillance camera captured Salas' suicide attempts and suicide on video.

5. He was in the cell alone and for enough time to tear mattress fabric apart into thin strips.

6. He created a noose that he put around his neck on one end and the other on the jail cell door.

7. He was not successful initially because the mattress fabric strips could not support his weight and broke.

8. He was able to try again but was again unsuccessful.

9. He made a third suicide attempt, this time he created and used a much thicker mattress fabric strip.

Unofficial Copy Office of Marilyn Burgess District Clerk

10. He tied it to the jail cell door and then placed the open knot end around his neck.

11. He used toilet water to cover the floor to cause the floor to be slippery.

12. He was successful on the third attempt.

13. Jail surveillance cameras captured the incident.

14. Galena Park is withholding the video even after the Attorney General's initial ruling that it had to be released.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over Plaintiffs' state and federal claims, under 28 U.S.C. § 1331 and 2201, 42 U.S.C § 1983 and 1988, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and supplemental jurisdiction under 28 U.S.C. § 1367(a), to hear Plaintiffs' federal law claims.

16. Venue is proper in this because the incidents at issue took place in Harris County, Texas.

## PARTIES

17. Plaintiff, HECTOR SALAS, individually and as Representative of the Estate of Hector Salas Jr.

18. Plaintiff, ANDREA SILVA, individually and as next friend for H.S., and A.S.

19.     Plaintiff, CYNTHIA MONTIEL, as next friend for E.S.

20.     Defendant, CITY OF GALENA PARK, is and was at all times relevant to this action a governmental entity and is a person under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law and may be served with process wherever the mayor may be found.

21.     Defendant, RICK GONZALES, is and was at all times relevant to this action is a person under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law and may be served with process wherever he may be found.

22.     Defendants, DOES 1-5, is and was at all times relevant to this action is a person under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law and may be served with process wherever he or she may be found.

## ADDITIONAL FACTS

23.     31-year-old Hector Salas Jr. was a father of three, a husband, son, brother, and beloved friend.

24.     He died on November 30, 2018, in the City of Galena Park jail due to Galena Park failing to protect him, ignoring the medical and mental healthcare needs of Hector Salas.

25.     Hector was in the custody of Galena Park because he was suicidal.

26. His wife, Andrea Salva, called the police because he had taken a handful of pills.

27. His wife made it abundantly clear that he had attempted suicide just before he was taken into custody, even saying his goodbyes through the gesture of leaving his personal effects to his family.

28. He was taken to Ben Taub then released, without observation or treatment.

29. She was forced to call Galena Park again the next day because he was still suicidal. His behavior was not usual.

30. Hector was taken into custody by Galena Park.

31. The jail noted that he was suicidal upon intake.

32. He was placed in a cell alone.

33. He was left alone for enough time to tear mattress fabric apart into thin strips.

34. He created a noose that he put around his neck on one end and the other on the jail cell door.

35. He tried to strangle himself.

36. He was not successful in strangling himself initially because the mattress fabric strips could not support his weight and broke.

37. He had time to try again but was again unsuccessful.

Unofficial Copy Office of Marilyn Burgess District Clerk

38. He had time to create and used a much thicker mattress fabric strip.

39. He had time to tie his newly created stronger noose strips to the jail cell door and then placed the open knot end around his neck.

40. He had time to glaze toilet water over the floor to cause the floor to be slippery.

41. He had time to make a third suicide attempt and was successful.

42. A surveillance camera captured Salas' suicide attempts and suicide on video.

43. According to the medical examiner, the manner of death is suicide by hanging:

A. HANGING:

The body is received with six segments of blue synthetic plastic-type material that have been previously cut:
1. A 49 by 5 inch sheet bunched together with clear tape at one end and in the middle.
2. A 66 by 30 inch sheet.
3. A 14 by 1/2 inch strip with two knots.
4. A 42 inch strip ranging in width between 1/4 of an inch and 1/2 of an inch with multiple knots.
5. A 18 by 3/4 of an inch strip with one knot.
6. A 17-1/2 by 1/2 of an inch strip with one knot.

44. Hector Salas Jr. also had incised wounds on both arms from his wrist to his forearms noted and an additional indication of a previous suicide attempt, and more indication that his serious medical need was ignored.

Certified Copy Office of Marilyn Burgess District Clerk



Unofficial Copy Office of Marilyn Burgess District Clerk

45.    Galena Park continued to withhold documents and video footage even after the Attorney General's initial ruling that it had to be released.

## CLAIMS

## CITY OF GALENA PARK  42 U. S. C. SECTION 1983 CONSTITUTIONAL VIOLATIONS OF HECTOR SALAS'S CIVIL RIGHTS

46.    Plaintiffs incorporate by reference all of the preceding paragraphs.

47.    Plaintiffs also bring claims for violations of Hector Salas's Fourth, Eighth and Fourteenth Amendment rights.

*Failure to train its officers—an omission—led to a violation of the constitutional right*

48.    Galena Park and each defendant were acting under color of state law and,

therefore, is liable under 42 U.S.C. § 1983.

49.    Galena Park is liable under Section 1983 because it deprived Hector Salas of constitutional rights provided by federal law that occurred under color of state law and were caused by its employees, government actors.

50.    Hector Salas had a right under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution while incarcerated to be free from indifference to his medical and mental health needs.

51.    Hector Salas's death while in custody was preventable.

52.    Galena Park was indifferent to Hector Salas' serious medical needs, mental health needs and protection.

53.    Defendant Galena Park as a matter of policy, practice, custom and/or procedure did not have adequate staffing, had a practice and custom of not doing rounds, had a custom and practice of not checking to see if detention officers were doing rounds, and failed to provide and maintain adequate equipment to prevent suicide.

54.    Defendant Galena Park failed to train and failed to adequately supervise its jail detention officers and employees and agents.

55.    Prior to his death, Hector Salas did not receive adequate medical care for his risk of suicide, and symptoms.

Unofficial Copy Office of Marilyn Burgess District Clerk

56.   His death was due to the acts and omissions of Galena Park and those acts and omissions violated his constitutional right to due process, to be free from unreasonable search and seizure; and right to adequate medical care under the constitution.

### *Failure-to-protect*

57.   Galena Park failed to properly and adequately train its officers to protect its inmates from the risk of serious harm in the form of self-inflicted suicide despite the obvious risk of harm, thereby failing to protect its inmates and deliberately indifferent to Hector's risk of harm.

### *Failure-to-supervise*

58.   Galena Park is not responsible based on Respondeat Superior rather because it failed to properly supervise its officers in protecting its inmates from the risk of serious harm in the form of self-inflicted suicide despite the known obvious risk of harm an inmate like Hector Salas would pose to himself.

### *Deliberate indifference to serious-medical-needs*

59.   Galena Park's failure to supervise amounted to deliberate indifference to Hector Salas' medical needs

60.   Galena Park denied Hector Salas medical care for his serious medical need, thereby resulting in the constitutional violation that caused his death.



*Conditions of Confinement*

61.    Galena Park placed Hector Salas in a cell where he could not be observed by others could be alerted to prevent his death.

62.    Galena park placed Hector Salas in a cell with plastic and other materials he could use to make a noose to assist in his suicide.

## CHIEF RICK GONZALEZ

63.    Chief Rick Gonzalez is not responsible based on Respondeat Superior rather because he failed to properly supervise its officers in protecting its inmates from the risk of serious harm in the form of self-inflicted suicide despite the known obvious risk of harm an inmate like Hector Salas would pose to himself.

64.    He further failed to train his subordinate officers on protecting inmates from serious harm.

65.    Chief Gonzalez is and was at all times relevant to this action is a person under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law as the chief of the Galena Park police department.

## OFFICER DOES' CONSTITUTIONAL VIOLATIONS

*Failure to Protect Claims*

66.    Protecting inmates from the risk of harm from others and themselves and

recognizing a serious medical, including mental health needs is *required* training for all jail officers.

67.    Officer Doe would not be entirely responsible for Salas' death if the City of Galena Park failed to train her on inmate suicide prevention properly, or treatment of inmates with serious medical needs, mental health concerns, and protecting inmates like Hector Salas from a substantial risk of serious harm.

68.    On November 30, 2018, it was "well established" that a risk of suicide by an inmate, like this a serious medical need.

69.    Officer Doe had individual-specific knowledge of the threat of serious harm by suicide since his wife made it abundantly clear that he had attempted suicide just before he was taken into custody, even saying his goodbyes through the gesture of leaving his personal effects to his family.

70.    Officer Doe failed to check Hector Salas for a substantial length of time, a general risk that all prisoners in Hector's particular situation faced He should have been on suicide watch while he was awaiting transport to the Harris County Jail or provided mental health treatment.

71.    Officer Doe should have training in suicide and mental health training, any lack of expertise or experience that might limit Officer Doe's ability to evaluate potential harm and thereby her failure to protec.

72. Despite the obvious risk she disregarded the risk she failed to provide even an essential response of checking on him at all.

## WRONGFUL DEATH

73. Wrongful Death Statute The Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if set forth at length herein in this section.

74. The Plaintiffs bring this wrongful death action pursuant to the Texas Civil Practice and Remedies Code § 71.004 (c). Pursuant to Texas Civil Practice and Remedies Code § 71.002, and Texas statutory and common law, the Defendants are liable for their actions and omissions and their employee's actions omissions, including, without limitation, their agents and officers.

75. Hector Salas died as a result of the Defendants' deliberate indifference, reckless, wrongful acts and omissions, neglect, and carelessness actions. He would have been entitled to bring this action against Defendants if he had lived.

76. A reasonable and competent member of the law enforcement profession would have exercised under similar circumstances duties to: provide adequate medical care, not impose cruel and unusual punishment; Exercise ordinary or reasonable care; exercise the degree of care, skill, and competence that a reasonable officer would exercise.

Unofficial Copy Office of Marilyn Burgess District Clerk

77. The Defendants breached all of their duties. The Defendants' acts and omissions, jointly and severally, proximately caused injury and death to Hector Salas.

78. The Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court.

### SURVIVAL CLAIM

79. The Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if set forth at length herein in this section. Pursuant to Texas Civil Practice and Remedies Code § 71.021 and Texas statutory and common law, the Defendants are liable for their actions and omissions and their employee's actions omissions, including, without limitation, their agents and officers.

80. Hector Salas had causes of action for personal injury to his person under the Texas Tort Claim Act, and 42 U.S.C. § 1983 before he died.

81. Hector would have been entitled to bring an action for the injury if he had lived, namely pain and suffering, as a result of the negligence and civil rights violations.

82. The Defendants' wrongful acts and omissions, jointly and severally, caused Hector's injuries for which the Plaintiffs sue for all damages allowed by law.

Unofficial Copy Office of Marilyn Burgess District Clerk

## DAMAGES

83.    Plaintiffs incorporate by reference all of the preceding paragraphs.

84.    Plaintiffs experienced, and in all likelihood will experience, at least great pain and suffering in the past and in the future, great mental anguish in the past and future, loss of enjoyment of life, loss of consortium, loss of financial support and household services, comfort, and love and society.

85.    Plaintiff seeks exemplary damages.

86.    Plaintiffs have been damaged by the loss of companionship, consortium, and support that would have been provided by Hector Salas, but for his preventable death while in custody.

87.    Hector Salas suffered great mental anguish and pain in the minutes and hours before his death and such is actionable through his estate and funeral expenses are recoverable as well.

## TOLLING PROVISIONS

88.    Tolling of the statute of limitations is required. Plaintiffs seek to plead any applicable tolling provisions against any defendant that might assert a bar to suit based on limitations since information involving Hector Salas' death is being withheld relating to the individuals involved, and additional details.

## ATTORNEYS' FEES

89. Plaintiff is entitled to recover attorneys' fees and expenses under 42 U.S.C. § 1983 and §1988.

## JURY TRIAL

90. Plaintiffs demand a trial by jury on all issues triable to a jury.

## PRAYER

91. Plaintiffs pray the Court enter judgment and award damages for Plaintiffs against the Defendants; Plaintiffs pray that the Court finds that Plaintiffs are the prevailing parties in this case and award attorneys' fees and costs and all litigation expenses, pursuant to federal and state law, as noted against the Defendants; Plaintiffs pray that the Court award pre- and post-judgment interest; Plaintiffs pray that the Court award punitive damages against all individually named Defendants to Plaintiffs; Plaintiffs pray that the Court award costs of court; and Plaintiffs pray that the Court grant such other and further relief as appears reasonable and just, to which, Plaintiffs show himself entitled.

The Lewis Law Group, PLLC
By: /s/U.A. Lewis
U.A. Lewis
SBN 24076511
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
Attorney for Plaintiffs

Unofficial Copy Office of Marilyn Burgess District Clerk

County Auditor's Form/9999A
Harris County, Texas (Rev 04/01)

**Official Receipt**

**101 NO. 876670**

**MARILYN BURGESS DISTRICT CLERK**

Action : NO FEE DOCUMENTS NOT ANSWERS

Case: 201957573-7        Trans ID: 213190456        Court: 190

Style    PLT: SALAS, HECTOR (SR) (INDIVIDUALLY AND AS REPRESENTA
DEF: CITY OF GALENA PARK

| Fee | Description | Amount |
|-----|-------------|--------|
| 118 | CERTIFIED MAIL SERVICE FEE | $75.00 |
| 121 | CITATION WITH 1 COPY | $16.00 |
| 179 | ELECTRONIC FILING FEE - DCO | $2.00 |
| 298 | SERVICE COPIES | $7.50 |
| 350 | CONST-PERSONAL SERVICE | $75.00 |
| 379 | SERVICE BY MAIL (DCO) | $15.00 |

Payment  Texas.gov American Express    10037/1/2023        $190.50
Amount Tendered :                                           $190.50
Payment Amount:                                             $190.50
Amount Applied:                                             $190.50
Change Amount:                                              $0.00

Received        The Lewis Law Group, PLLC        10029415
Of              9950 Westpark Dr. #104
                Houston, TX  77063
ONE HUNDRED NINETY  AND 50/100 ***************************Dollars

Payment Date: 8/26/2019                File Date: 8/19/2019

Customer Signature _____

Assessed By: USER, CONVERSION
Validated: 8/26/2019        By :SYSTEM GENERATED, Texas.gov 101

Manual Receipt Nbr: 0

Comment:  Envelope number: 36273401 - 0

13-1#7366312 5

11-1#73663127

ENTERED ____

VERIFIED ____

TRN#11312317

8/26/2019 1:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36273401
By: Adiliani Solis
Filed: 8/26/2019 1:25 PM

# CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: __201957573__     CURRENT COURT: __190__

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): __ORIGINAL PETITION/CITATION__

FILE DATE OF MOTION: __08__ / __19__ / __2019__
                     Month/    Day/    Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.   NAME: The City of Galena Park
     ADDRESS: 2000 Candle Hollow Dr. Spring, Tx 77547-2837
     AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type):
_____

SERVICE BY (check one):
☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
☐ MAIL                                ☑ CERTIFIED MAIL-DISTRCIT CLERK'S OFFICE
☐ Type of Publication: ☐ COURTHOUSE DOOR, or
                       ☐ NEWSPAPER OF YOUR CHOICE: _____
☐ OTHER, explain _____

*************************************************************************************** ****

2.   NAME: Chief Rick Gonzales
     ADDRESS: 2207 Clinton Dr. Galena Park, Tx 77547
     AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): __ORIGINAL PETITION/CITATION__

SERVICE BY (check one):
☐ ATTORNEY PICK-UP                    ☑ CONSTABLE
☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
☐ MAIL                                ☐ CERTIFIED MAIL-DISTRCIT CLERK'S OFFICE
☐ PUBLICATION:
   Type of Publication: ☐ COURTHOUSE DOOR, or
                        ☐ NEWSPAPER OF YOUR CHOICE: _____
☐ OTHER, explain _____

---

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: __. U.A. LEWIS__     TEXAS BAR NO./ID NO: __24076511__

MAILING ADDRESS: PO BOX 27353 HOUSTON, TX 77227

PHONE NUMBER: 713-570-6555 FAX NUMBER: 713-581-1017

EMAIL ADDRESS: MYATTORNEYATLAW@GMAIL.COM

Unofficial Copy Office of Marilyn Burgess District Clerk

7019 0140 0000 5914 9647

CAUSE NO.   201957573

RECEIPT NO.                                    75.00      CTM  P2
           *********                        TR # 73663125

| | |
|---|---|
| PLAINTIFF: ESTATE OF HECTOR SALAS JR<br>              vs.<br>DEFENDANT: CITY OF GALENA PARK | In The   190th<br>Judicial District Court<br>of Harris County, Texas<br>190TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: CITY OF GALENA PARK MAY BE SERVED WHEREVER THE MAYOR MAY BE FOUND

   2000  CANDLE HOLLOW DR   SPRING TX  77547 - 2837

   Attached is a copy of <u>ORIGINAL PETITION</u>

This instrument was filed on the <u>19th day of August, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

   This citation was issued on 27th day of August, 2019, under my hand and seal of said Court.

Issued at request of:
LEWIS, U. A.
PO BOX  27353
HOUSTON, TX  77227
Tel: (713) 570-6555
<u>Bar No.</u>: 24076511

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CHAMBERS, WANDA  ULW//11312317

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of ORIGINAL PETITION to the following addressee at address:

_____

_____

(a)ADDRESSEE

ADDRESS

Service was executed in accordance with Rule 106
   (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____
_____

This citation was not executed for the following reason: _____
_____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

N.INT.CITM.P                          *73663125*

CAUSE NO.   201957573

RECEIPT NO.                          75.00      CTM
          *********               TR # 73663125

PLAINTIFF: ESTATE OF HECTOR SALAS JR          In The   190th
        vs.                                    Judicial District Court
DEFENDANT: CITY OF GALENA PARK                 of Harris County, Texas
                                               190TH DISTRICT COURT
                                               Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris


TO: CITY OF GALENA PARK MAY BE SERVED WHEREVER THE MAYOR MAY BE FOUND

   2000  CANDLE HOLLOW DR   SPRING  TX  77547 - 2837

   Attached is a copy of <u>ORIGINAL PETITION</u>


This instrument was filed on the <u>19th day of August, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 27th day of August, 2019, under my hand and
seal of said Court.


Issued at request of:                      MARILYN BURGESS, District Clerk
LEWIS, U. A.                               Harris County, Texas
PO BOX  27353                              201 Caroline, Houston, Texas 77002
HOUSTON, TX  77227                         (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 570-6555
<u>Bar No.</u>: 24076511                   Generated By: CHAMBERS, WANDA  ULW//11312317

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 ORIGINAL PETITION
to the following addressee at address:


_____        _____
                                   ADDRESS

_____        Service was executed in accordance with Rule 106
(a) ADDRESSEE                         (2) TRCP, upon the Defendant as evidenced by the
                                      return receipt incorporated herein and attached
_____          hereto at


                                   _____
                                   on _____ day of _____, _____
                                   by U.S. Postal delivery to _____

                                   _____

                                   This citation was not executed for the following
                                   reason: _____

                                   _____

                                   MARILYN BURGESS, District Clerk
                                   Harris County, TEXAS

                                   By _____, Deputy


N.INT.CITM.P                  *73663125*

7618 1830 0001 4424 4771

CAUSE NO.  201957573

RECEIPT NO.                                      75.00      CTM
**********                            TR # 73681362

| | |
|---|---|
| PLAINTIFF: ESTATE OF HECTOR SALAS JR<br>vs.<br>DEFENDANT: CITY OF GALENA PARK | In The    190th<br>Judicial District Court<br>of Harris County, Texas<br>190TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: CITY OF GALENA PARK
    C/O MAYOR ESMERALDA MOYA OF GALENA PARK
    OR WHEREVER THE MAYOR MAY BE FOUND

    2000  CLINTON DRIVE   GALENA PARK  TX  77547 - 3806

    Attached is a copy of <u>ORIGINAL PETITION</u>

This instrument was filed on the <u>19th day of August, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 7th day of October 2019, under my hand and seal of said Court.

Issued at request of:
LEWIS, U. A.
PO BOX  27353
HOUSTON, TX  77227
Tel: (713) 570-6555
Bar No.: 24076511

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CHAMBERS, WANDA  ULW//11348336

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of ORIGINAL PETITION.
to the following addressee at address:

_____

_____
(a) ADDRESSEE

_____

ADDRESS

Service was executed in accordance with Rule 106
    (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INF.CITM.P                      *73681362*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

CAUSE NO. 201957573

RECEIPT NO. 75.00 CTM

********* TR # 73681362

PLAINTIFF: ESTATE OF HECTOR SALAS JR
                    vs.
DEFENDANT: CITY OF GALENA PARK

In The      190th
Judicial District Court
of Harris County, Texas
190TH DISTRICT COURT
Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: CITY OF GALENA PARK
    C/O MAYOR ESMERALDA MOYA OF GALENA PARK
    OR WHEREVER THE MAYOR MAY BE FOUND

    2000 CLINTON DRIVE   GALENA PARK TX  77547 - 3806

    Attached is a copy of ORIGINAL PETITION

This instrument was filed on the 19th day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 7th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:
LEWIS, U. A.
PO BOX  27353
HOUSTON, TX 77227
Tel: (713) 570-6555
Bar No.: 24076511

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CHAMBERS, WANDA  ULW//11348336

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
ORIGINAL PETITION
to the following addressee at address:

_____          ADDRESS

                                            Service was executed in accordance with Rule 106
_____               (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                                     return receipt incorporated herein and attached
                                                hereto at

_____          on _____ day of _____, _____
                                            by U.S. Postal delivery to _____

                                            _____

                                            This citation was not executed for the following
                                            reason: _____
                                            _____

                                            MARILYN BURGESS, District Clerk
                                            Harris County, TEXAS

                                            By _____, Deputy

N.INT.CITM.P                                *73681362*

2019-57573

08-28-19



RECORDER'S MEMORANDUM
This Instrument is of poor quality
at the time of Imaging.

2019-57573



10-07-19

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

Case 4:21-cv-00484 Document 4-1 Filed 02/17/21 in TXSD Page 24 of 45

**SENDER: COMPLETE THIS SECTION**

- ▣ Complete items 1, 2, and 3.
- ▣ Print your name and address on the reverse so that we can return the card to you.
- ▣ Attach this card to the back of the mailpiece, or on the front if space permits.

CITY OF GALENA PARK
C/O MAYOR ESMERALDA MOYA OF GALENA PARK
2000 CLINTON DRIVE
GALENA PARK, TEXAS 77547-3806

19-57573- 190

9590 9402 4604 8323 5931 75

2. Article Number (Transfer from service label)

7018 1830 0001 4424 4771

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by (Printed Name)

Maria Rios

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

OCT 17 2019

2019-57573

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Unofficial Copy Office of Marilyn Burgess

Unofficial Copy Office of Marilyn Burgess

**USPS TRACKING #**

9590 9402 4604 8323 5931 75

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2019 OCT 24   AM 8: 11

10-24-19

BY:
MAIL PROCESSING ADMIN

• Sender: Please print your name, address, and ZIP+4® in this box•

MARILYN BURGESS, DISTRICT CLERK
HARRIS COUNTY, TEXAS
CIVIL INTAKE
P.O. BOX 4651
HOUSTON, TEXAS 77210

10/24/2019 3:42 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37941797
By: Chandra Lawson
Filed: 10/24/2019 3:42 PM

# CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: __201957573__     CURRENT COURT: __190__

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): ORIGINAL PETITION/CITATION

FILE DATE OF MOTION: __08__ / __19__ / __2019__
                        Month/     Day/     Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: __Chief Rick Gonzales__
   ADDRESS: __8742 Yvonne Dr.__
   AGENT, (*if applicable*): __Houston, Texas 77044-1342__

TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*):
_____

SERVICE BY (*check one*):
☐ ATTORNEY PICK-UP          ☑ CONSTABLE
CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
☐ MAIL          ☐ CERTIFIED MAIL-DISTRCIT CLERK'S OFFICE
☐ Type of Publication:     ☐ COURTHOUSE DOOR, or
                      ☐ NEWSPAPER OF YOUR CHOICE: _____
☐ OTHER, *explain* _____

*********************************************************************************** ****

2. NAME: _____
   ADDRESS: _____
   AGENT, (*if applicable*): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*): ORIGINAL PETITION/CITATION

SERVICE BY (*check one*):
☐ ATTORNEY PICK-UP          ☐ CONSTABLE
CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
☐ MAIL          ☐ CERTIFIED MAIL-DISTRCIT CLERK'S OFFICE
☐ PUBLICATION:
Type of Publication:     ☐ COURTHOUSE DOOR, or
                 ☐ NEWSPAPER OF YOUR CHOICE: _____
☐ OTHER, *explain* _____

---

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: __. U.A. LEWIS__          TEXAS BAR NO./ID NO: __24076511__

MAILING ADDRESS: __PO BOX 27353 HOUSTON, TX 77227__

PHONE NUMBER: __713-570-6555__ FAX NUMBER: __713-581-1017__

EMAIL ADDRESS: MYATTORNEYATLAW@GMAIL.COM

Unofficial Copy Office of Marilyn Burgess District Clerk

# CIVIL PROCESS REQUEST

10/4/2019 11:24 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37388907
By: Adiliani Solis
Filed: 10/4/2019 11:24 AM

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: __201957573__     CURRENT COURT: __190__

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): ORIGINAL PETITION/CITATION

FILE DATE OF MOTION: __08__ / __19__ / __2019__
                      Month/     Day/     Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):
1.    NAME: The City of Galena Park
      ADDRESS: 2000 Clinton Drive, Galena Park, Tx 77547-3406
      AGENT, (if applicable): c/o Mayor Esmeralda Moya of Galena Park

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type):
_____

SERVICE BY (check one):
☐ ATTORNEY PICK-UP              ☐ CONSTABLE
   CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
☐ MAIL                         ☑ CERTIFIED MAIL-DISTRCIT CLERK'S OFFICE
☐ Type of Publication:         ☐ COURTHOUSE DOOR, or
                               ☐ NEWSPAPER OF YOUR CHOICE:
                                 _____
☐ OTHER, explain _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*

2.    NAME: _____
      ADDRESS: _____
      AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): ORIGINAL PETITION/CITATION_____

SERVICE BY (check one):
☐ ATTORNEY PICK-UP              ☐ CONSTABLE
   CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
☐ MAIL                         ☐ CERTIFIED MAIL-DISTRCIT CLERK'S OFFICE
☐ PUBLICATION:
   Type of Publication:         ☐ COURTHOUSE DOOR, or
                               ☐ NEWSPAPER OF YOUR CHOICE:
☐                                _____
   OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:
NAME: __. U.A. LEWIS_____ TEXAS BAR NO./ID NO: __24076511_____

MAILING ADDRESS: PO BOX 27353 HOUSTON, TX 77227

PHONE NUMBER: 713-570-6555 FAX NUMBER: 713-581-1017

EMAIL ADDRESS: MYATTORNEYATLAW@GMAIL.COM

Unofficial Copy Office of Marilyn Burgess District Clerk

2019-57573

P-18



CERTIFIED MAIL

Harris County District Clerk
P.O. Box 4651
Houston, Texas 77210-4651

7019 0140 0000 5914 9648

neopost
08/28/2019
US POSTAGE $007.75

FIRST-CLASS MAIL

ZIP 77002
041M12252396

170H

NSM 8/30/19

FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2019 SEP -5 AM 9: 36

09-05-19

BY _____
MAIL PROCESSING ADMIN

CITY OF GALENA PARK
C/O MAYOR
2000 CANDLE HOLLOW DR
SPRING, TEXAS 77547-2837

RETURN TO SENDER
NO SUCH NUMBER
UNABLE TO FORWARD

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.



Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO.  201957573

RECEIPT NO.                          75.00    CTM
          *********              TR # 73663125

| PLAINTIFF: ESTATE OF HECTOR SALAS JR | In The    190th |
|---|---|
| vs. | Judicial District Court |
| DEFENDANT: CITY OF GALENA PARK | of Harris County, Texas |
| | 190TH DISTRICT COURT |
| | Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: CITY OF GALENA PARK MAY BE SERVED WHEREVER THE MAYOR MAY BE FOUND

  2000  CANDLE HOLLOW DR   SPRING  TX  77547 - 2837

  Attached is a copy of ORIGINAL PETITION

This instrument was filed on the 19th day of August, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 27th day of August, 2019, under my hand and seal of said Court.

Issued at request of:
LEWIS, U. A.
PO BOX  27353
HOUSTON, TX  77227
Tel: (713) 570-6555
Bar No.: 24076511



MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CHAMBERS, WANDA  ULW//11312317

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of ORIGINAL PETITION to the following addressee at address:

_____

_____

(a) ADDRESSEE

ADDRESS

Service was executed in accordance with Rule 106 (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P                    *73663125*

8/19/2019 10:24 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36083618
By: Joshua Hall
Filed: 8/19/2019 10:24 AM

*2019-57573 / Court: 190*

## CAUSE NO. _____

| | | |
|---|---|---|
| ESTATE OF HECTOR SALAS, JR., | § | IN THE DISTRICT COURT OF |
| HECTOR SALAS SR., as | § | |
| representative and individually, | § | _____ JUDICIAL DISTRICT |
| ANDREA SILVA individually, and | § | |
| A/N/F for H.S., and A.S., CYNTHIA | § | |
| MONTIEL A/N/F for E.S., | § | |
| *Plaintiffs,* | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| THE CITY OF GALENA PARK, | § | |
| CHIEF RICK GONZALES, and | § | |
| DOES 1-5 | | |
| *Defendant.* | | |

## ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

Comes now ESTATE OF HECTOR SALAS, JR., HECTOR SALAS SR., as representative and individually, ANDREA SILVA individually, and as next friend for H.S., and A.S. CYNTHIA MONTIEL as next friend for E.S., (collectively "Plaintiffs") complaining of THE CITY OF GALENA PARK, TEXAS ("Galena Park"), and OFFICER DOE files this, their Original Petition.

## INTRODUCTION

Unofficial Copy Office of Marilyn Burgess District Clerk

1.    Hector Salas Jr., the father of three, died November 30, 2018, in the City of Galena Park jail due to Galena Park failing to protect, and ignoring the medical and mental healthcare needs of Hector Salas, resulting in his suicide.

2.    Hector was placed in custody because he was suicidal. His wife, Andrea Salva, called the police because he had taken a handful of pills.

3.    He was taken to Ben Taub then released. She called them again the next day because he was still suicidal. The jail noted he was suicidal upon intake.

4.    A surveillance camera captured Salas' suicide attempts and suicide on video.

5.    He was in the cell alone and for enough time to tear mattress fabric apart into thin strips.

6.    He created a noose that he put around his neck on one end and the other on the jail cell door.

7.    He was not successful initially because the mattress fabric strips could not support his weight and broke.

8.    He was able to try again but was again unsuccessful.

9.    He made a third suicide attempt, this time he created and used a much thicker mattress fabric strip.

10. He tied it to the jail cell door and then placed the open knot end around his neck.

11. He used toilet water to cover the floor to cause the floor to be slippery.

12. He was successful on the third attempt.

13. Jail surveillance cameras captured the incident.

14. Galena Park is withholding the video even after the Attorney General's initial ruling that it had to be released.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over Plaintiffs' state and federal claims, under 28 U.S.C. § 1331 and 2201, 42 U.S.C § 1983 and 1988, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and supplemental jurisdiction under 28 U.S.C. §1367(a), to hear Plaintiffs' federal law claims.

16. Venue is proper in this because the incidents at issue took place in Harris County, Texas.

## PARTIES

17. Plaintiff, HECTOR SALAS, individually and as Representative of the Estate of Hector Salas Jr.

18. Plaintiff, ANDREA SILVA, individually and as next friend for H.S., and A.S.

Unofficial Copy Office of Marilyn Burgess District Clerk

19.    Plaintiff, CYNTHIA MONTIEL, as next friend for E.S.

20.    Defendant, CITY OF GALENA PARK, is and was at all times relevant to this action a governmental entity and is a person under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law and may be served with process wherever the mayor may be found.

21.    Defendant, RICK GONZALES, is and was at all times relevant to this action is a person under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law and may be served with process wherever he may be found.

22.    Defendants, DOES 1-5, is and was at all times relevant to this action is a person under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law and may be served with process wherever he or she may be found.

## ADDITIONAL FACTS

23.    31-year-old Hector Salas Jr. was a father of three, a husband, son, brother, and beloved friend.

24.    He died on November 30, 2018, in the City of Galena Park jail due to Galena Park failing to protect him, ignoring the medical and mental healthcare needs of Hector Salas.

25.    Hector was in the custody of Galena Park because he was suicidal.

26. His wife, Andrea Salva, called the police because he had taken a handful of pills.

27. His wife made it abundantly clear that he had attempted suicide just before he was taken into custody, even saying his goodbyes through the gesture of leaving his personal effects to his family.

28. He was taken to Ben Taub then released, without observation or treatment.

29. She was forced to call Galena Park again the next day because he was still suicidal. His behavior was not usual.

30. Hector was taken into custody by Galena Park.

31. The jail noted that he was suicidal upon intake.

32. He was placed in a cell alone.

33. He was left alone for enough time to tear mattress fabric apart into thin strips.

34. He created a noose that he put around his neck on one end and the other on the jail cell door.

35. He tried to strangle himself.

36. He was not successful in strangling himself initially because the mattress fabric strips could not support his weight and broke.

37. He had time to try again but was again unsuccessful.

38.    He had time to create and used a much thicker mattress fabric strip.

39.    He had time to tie his newly created stronger noose strips to the jail cell door and then placed the open knot end around his neck.

40.    He had time to glaze toilet water over the floor to cause the floor to be slippery.

41.    He had time to make a third suicide attempt and was successful.

42.    A surveillance camera captured Salas' suicide attempts and suicide on video.

43.    According to the medical examiner, the manner of death is suicide by hanging:

> A. HANGING:
>
> The body is received with six segments of blue synthetic plastic-type material that have been previously cut:
> 1.  A 49 by 5 inch sheet bunched together with clear tape at one end and in the middle.
> 2.  A 66 by 30 inch sheet.
> 3.  A 14 by 1/2 inch strip with two knots.
> 4.  A 12 inch strip ranging in width between 1/4 of an inch and 1/2 of an inch with multiple knots.
> 5.  A 16 by 3/4 of an inch strip with one knot.
> 6.  A 17-1/2 by 1/2 of an inch strip with one knot.

44.    Hector Salas Jr. also had incised wounds on both arms from his wrist to his forearms noted and an additional indication of a previous suicide attempt, and more indication that his serious medical need was ignored.



45.   Galena Park continued to withhold documents and video footage even after the Attorney General's initial ruling that it had to be released.

## CLAIMS

## CITY OF GALENA PARK  42 U.S.C. SECTION 1983 CONSTITUTIONAL VIOLATIONS OF HECTOR SALAS'S CIVIL RIGHTS

46.   Plaintiffs incorporate by reference all of the preceding paragraphs.

47.   Plaintiffs also bring claims for violations of Hector Salas's Fourth, Eighth and Fourteenth Amendment rights.

*Failure to train its officers--an omission--led to a violation of the constitutional right*

48.   Galena Park and each defendant were acting under color of state law and,

therefore, is liable under 42 U.S.C. § 1983.

49. Galena Park is liable under Section 1983 because it deprived Hector Salas of constitutional rights provided by federal law that occurred under color of state law and were caused by its employees, government actors.

50. Hector Salas had a right under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution while incarcerated to be free from indifference to his medical and mental health needs.

51. Hector Salas's death while in custody was preventable.

52. Galena Park was indifferent to Hector Salas' serious medical needs, mental health needs and protection.

53. Defendant Galena Park as a matter of policy, practice, custom and/or procedure did not have adequate staffing, had a practice and custom of not doing rounds, had a custom and practice of not checking to see if detention officers were doing rounds, and failed to provide and maintain adequate equipment to prevent suicide.

54. Defendant Galena Park failed to train and failed to adequately supervise its jail detention officers and employees and agents.

55. Prior to his death, Hector Salas did not receive adequate medical care for his risk of suicide, and symptoms.

56.   His death was due to the acts and omissions of Galena Park and those acts and omissions violated his constitutional right to due process, to be free from unreasonable search and seizure; and right to adequate medical care under the constitution.

*Failure-to-protect*

57.   Galena Park failed to properly and adequately train its officers to protect its inmates from the risk of serious harm in the form of self-inflicted suicide despite the obvious risk of harm, thereby failing to protect its inmates and deliberately indifferent to Hector's risk of harm.

*Failure-to-supervise*

58.   Galena Park is not responsible based on Respondeat Superior rather because it failed to properly supervise its officers in protecting its inmates from the risk of serious harm in the form of self-inflicted suicide despite the known obvious risk of harm an inmate like Hector Salas would pose to himself.

*Deliberate indifference to serious-medical-needs*

59.   Galena Park's failure to supervise amounted to deliberate indifference to Hector Salas' medical needs

60.   Galena Park denied Hector Salas medical care for his serious medical need, thereby resulting in the constitutional violation that caused his death.

Unofficial Copy Office of Marilyn Burgess District Clerk

*Conditions of Confinement*

61.    Galena Park placed Hector Salas in a cell where he could not be observed by others could be alerted to prevent his death.

62.    Galena park placed Hector Salas in a cell with plastic and other materials he could use to make a noose to assist in his suicide.

## CHIEF RICK GONZALEZ

63.    Chief Rick Gonzalez is not responsible based on Respondeat Superior rather because he failed to properly supervise its officers in protecting its inmates from the risk of serious harm in the form of self-inflicted suicide despite the known obvious risk of harm an inmate like Hector Salas would pose to himself.

64.    He further failed to train his subordinate officers on protecting inmates from serious harm.

65.    Chief Gonzalez is and was at all times relevant to this action is a person under 42 U.S.C. § 1983 and at all times relevant to this case acted under the color of law as the chief of the Galena Park police department.

## OFFICER DOES' CONSTITUTIONAL VIOLATIONS

*Failure to Protect Claims*

66.    Protecting inmates from the risk of harm from others and themselves and

recognizing a serious medical, including mental health needs, is *required* training for all jail officers.

67. Officer Doe would not be entirely responsible for Salas' death if the City of Galena Park failed to train her on inmate suicide prevention properly, or treatment of inmates with serious medical needs, mental health concerns, and protecting inmates like Hector Salas from a substantial risk of serious harm.

68. On November 30, 2018, it was "well established" that a risk of suicide by an inmate, like this a serious medical need. '

69. Officer Doe had individual-specific knowledge of the threat of serious harm by suicide since his wife made it abundantly clear that he had attempted suicide just before he was taken into custody, even saying his goodbyes through the gesture of leaving his personal effects to his family.

70. Officer Doe failed to check Hector Salas for a substantial length of time, a general risk that all prisoners in Hector's particular situation faced He should have been on suicide watch while he was awaiting transport to the Harris County Jail or provided mental health treatment.

71. Officer Doe should have training in suicide and mental health training, any lack of expertise or experience that might limit Officer Doe's ability to evaluate potential harm and thereby her failure to protec.

Unofficial Copy Office of Marilyn Burgess District Clerk

72.    Despite the obvious risk she disregarded the risk she failed to provide even an essential response of checking on him at all.

## WRONGFUL DEATH

73.    Wrongful Death Statute The Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if set forth at length herein in this section.

74.    The Plaintiffs bring this wrongful death action pursuant to the Texas Civil Practice and Remedies Code § 71.004 (c). Pursuant to Texas Civil Practice and Remedies Code § 71.002, and Texas statutory and common law, the Defendants are liable for their actions and omissions and their employee's actions omissions, including, without limitation, their agents and officers.

75.    Hector Salas died as a result of the Defendants' deliberate indifference, reckless, wrongful acts and omissions, neglect, and carelessness actions. He would have been entitled to bring this action against Defendants if he had lived.

76.    A reasonable and competent member of the law enforcement profession would have exercised under similar circumstances duties to: provide adequate medical care, not impose cruel and unusual punishment; Exercise ordinary or reasonable care; exercise the degree of care, skill, and competence that a reasonable officer would exercise.

77.    The Defendants breached all of their duties. The Defendants' acts and omissions, jointly and severally, proximately caused injury and death to Hector Salas.

78.    The Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court.

## SURVIVAL CLAIM

79.    The Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if set forth at length herein in this section. Pursuant to Texas Civil Practice and Remedies Code § 71.021 and Texas statutory and common law, the Defendants are liable for their actions and omissions and their employee's actions omissions, including, without limitation, their agents and officers.

80.    Hector Salas had causes of action for personal injury to his person under the Texas Tort Claim Act, and 42 U.S.C. § 1983 before he died.

81.    Hector would have been entitled to bring an action for the injury if he had lived, namely pain and suffering, as a result of the negligence and civil rights violations.

82.    The Defendants' wrongful acts and omissions, jointly and severally, caused Hector's injuries for which the Plaintiffs sue for all damages allowed by law.

Unofficial Copy Office of Marilyn Burgess District Clerk

## DAMAGES

83.    Plaintiffs incorporate by reference all of the preceding paragraphs.

84.    Plaintiffs experienced, and in all likelihood will experience, at least great pain and suffering in the past and in the future, great mental anguish in the past and future, loss of enjoyment of life, loss of consortium, loss of financial support and household services, comfort, and love and society.

85.    Plaintiff seeks exemplary damages.

86.    Plaintiffs have been damaged by the loss of companionship, consortium, and support that would have been provided by Hector Salas, but for his preventable death while in custody.

87.    Hector Salas suffered great mental anguish and pain in the minutes and hours before his death and such is actionable through his estate and funeral expenses are recoverable as well.

## TOLLING PROVISIONS

88.    Tolling of the statute of limitations is required. Plaintiffs seek to plead any applicable tolling provisions against any defendant that might assert a bar to suit based on limitations since information involving Hector Salas' death is being withheld relating to the individuals involved, and additional details.

## ATTORNEYS' FEES

89.    Plaintiff is entitled to recover attorneys' fees and expenses under 42 U.S.C. § 1983 and §1988.

## JURY TRIAL

90.    Plaintiffs demand a trial by jury on all issues triable to a jury.

## PRAYER

91.    Plaintiffs pray the Court enter judgment and award damages for Plaintiffs against the Defendants; Plaintiffs pray that the Court finds that Plaintiffs are the prevailing parties in this case and award attorneys' fees and costs and all litigation expenses, pursuant to federal and state law, as noted against the Defendants; Plaintiffs pray that the Court award pre-and post-judgment interest; Plaintiffs pray that the Court award punitive damages against all individually named Defendants to Plaintiffs; Plaintiffs pray that the Court award costs of court; and Plaintiffs pray that the Court grant such other and further relief as appears reasonable and just, to which, Plaintiffs show himself entitled.

The Lewis Law Group, PLLC
By: /s/U.A. Lewis
U.A. Lewis
SBN 24076511
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
Attorney for Plaintiffs

Unofficial Copy Office of Marilyn Burgess District Clerk