IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF HECTOR SALAS, JR., HECTOR SALAS SR., as representative and individually, ANDREA SILVA individually, and A/N/F for H.S., and A.S., CYNTHIA MONTIEL A/N/F for E.S., PLAINTIFFS, <br><br> V. <br><br> HARRIS HEALTH SYSTEM, BEN TAUB HOSPITAL, RICHINA BICETTE, in her individual capacity, DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:21-cv-00484 <br><br> JURY DEMANDED |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' 12(b)(6) MOTION TO DISMISS [Dkt 10, 11]**

TO THE HONORABLE JUDGE ANDREW S HANEN:

Hector Salas, Sr., individually, and as representative of the Estate of Hector Salas Jr.; Andrea Silva, individually, A/N/F for H.S., and A.S.; and Cynthia Montiel A/N/F for E.S. (collectively, "Plaintiffs") file their response to Defendant Richina Bicette's 12(b)(6) motion to dismiss. Plaintiffs respectfully request this Court to deny Defendant City of Bicette's motion to dismiss under Rule 12(b)(6). Plaintiffs have met the pleading standard enumerated in Federal Rule of Civil Procedure 8 for claims

1

asserted in this action against Richina Bicette by clearly stating specific and plausible facts supporting viable claims upon which relief can be granted. Accordingly, Plaintiffs show dismissal is inappropriate for the following reasons:

## TABLE OF CONTENTS

TABLE OF CONTENTS                                                    2

I.  PROCEDURAL HISTORY                                               5

II.  STATEMENT OF ISSUES                                             5

III. FACTUAL SUMMARY                                                 6

IV.  ARGUMENTS AND AUTHORITIES                                       8
*Standard of Review*                                                8
*Bicette was aware of plaintiff's risk of suicide but acted with deliberate indifference to her patient's risk of suicide by allowing his discharge and not placing a hold has demanded by Galena Park Police.*                9
*Plaintiff ADA and Section 504 Claims Were Properly Plead and are Proper Under the Law*                                              13
*Bicette's Motion for Summary Judgment filed in state court on February 8, 2021*                                                   15
*Plaintiffs Ch.74 Claims, and all other claims are timely*          15

V. CONCLUSION                                                        18

CERTIFICATE OF SERVICE                                               20

## TABLE OF AUTHORITIES                          PG(S)

*Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).....................................   12

*Amacker v. Renaissance Asset Mgmt. LLC, 657 F.3d 252(5th Cir. 2011)*........    9

*Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*......................................................    8,9

*Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)*..............................    8

*Bennett-Nelson v. Louisiana Board of Regents, 431 F.3d 448, 454-55 (5th Cir. 2005)*......................................................................................................    13

*Borum v. Swisher County, No. 2:14-CV-127-J, 2015 U.S. Dist. LEXIS 8628, 2015 WL 327508, at 3 (N.D. Tex. Jan. 26, 2015)*.........................................    13

*Cadena v. El Paso Cty., 946 F.3d 717, 727 (5th Cir. 2020)*..........................    11

*Carpinteyro v. Gomez, 403 S.W.3d 508, 2013 Tex. App. LEXIS 5336 (Tex. App. San Antonio May 1, 2013)*....................................................................    16

*Doe v. Covington Cty. Sch. Dist., 675 F.3d 849, 862 (5th Cir. 2012)*.............    10

*Dyer v. Houston, 955 F.3d 501, 506 (5th Cir. 2020)*.......................................    11,12

*Elliot v. Perez, 751 F.2d 1472, 1479 (5th Cir. 1985)*......................................    9

*Frame v. City of Arlington, 657 F.3d 215, 223 (5th Cir. 2011)*.........................    13

*Garza v. City of Donna, 922 F.3d 626, 632 (5th Cir. 2019)*...............................    11

*Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)*........................................    8

*Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000)*    14

*Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011)*.............................................    13

*Hershey v. Energy Transfer Partners, L.P., 610 F.3d 239, 245 (5th Cir. 2010).*    9

3

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)....................................................................... *8*

*Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010)............................................. *13*

*Lightbourn v. County of El Paso, Texas,* 118 F.3d 421, 428 (5th Cir. 1997…. *13*

*Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).............. 8*

*McDaniels v. Mittemeyer*, No. 07-03-0234-CV, 2004 Tex. App. LEXIS 2612 (Tex. App.—Amarillo Mar. 24, 2004)................................................................... *17*

*Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Texas, Inc., 16 F. Supp. 3d 767, 773 (S.D. Tex. 2014)........................................................ 8*

*Moroles v. Doctor's Hosp. at Renaissance, Ltd.*, No. 13-09-00425-CV, 2010 Tex. App. LEXIS 1185, at \*22 n.5 (Tex. App.—Corpus Christi Feb. 18, 2010)... *16*

*Phoenix v. Lafourche Par. Gov't*, No. 19-13004, 2020 U.S. Dist. LEXIS 105685, at \*1 (E.D. La. 2020)........................................................................... *11*

*Ryes v. Ross,* No. 01-18-00693-CV, 2019 Tex. App. LEXIS 7342  2019 WL 3917582 (Tex. App.—Houston [1st Dist.] Aug. 20, 2019)............................ *18*

*Smith v. Bd. of Comm'rs of the La. Stadium & Expositin Dist.*, 385 F. Supp. 3d 491 (E.D. La. 2019) …………………………………………….............. *13*

*S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996)........................................................ *18*

*Thompson v. Upshur County*, 245 F.3d 447, 457 (5th Cir. 200100…………... *11*

**Statutes**

Tex. Gov't Code § 311.014(c) ……………………………………. 16, 17

Tex. Health & Safety Code § 573.001.............................................. 9

Tex. Civ. Prac. & Rem. Code Ann. § 16.063…………………………. 17, 18

Tex. Civ. Prac. & Rem. Code § 16.072………………………………. 15

Tex. R. Civ. P. 21(f)(5)(A).................................................. 18

Tex. Civ. Prac. & Rem. Code § 74.251........................................... 15

42 U.S.C. § 1983.................................................... 9,13

## OBJECTION TO FACTS ALLEGED BY DEFENDANTS

Plaintiff's facts in the Live Complaint are to be taken as true. The Defendants have introduced disputed allegations, and evidence in its Motion to Dismiss. It is inappropriate to introduce disputed unauthenticated allegations at this stage. *Gibbons v. Leggett & Platt, Inc.*, Civil No. 3:02-CV-0458-H, 2002 U.S. Dist. LEXIS 18595 (N.D. Tex. Oct. 2, 2002). Therefore, Plaintiff objects to the defendants' recitation of Plaintiff's facts as set forth in their motion to dismiss and disputes them. Plaintiff, of course, alleges each and every fact in his live complaint as well as all the exhibits to the live complaint as if fully set forth within the live complaint. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004). Plaintiffs request the court allow for discovery

based on the evidence presented in the Motion to Dismiss, in the event the evidence in the motion is considered thereby converting the motion to a FRCP rule 56 motion.

## I.  PROCEDURAL HISTORY

On November 30, 2020, Plaintiffs filed their original petition in the Judicial District Court Harris County, Texas, under case number 20207677.

On February 10, 2021, the defendants removed the lawsuit to this court.

## II.  STATEMENT OF ISSUES

1.      Whether Plaintiffs' 42 U.S.C. § 1983 pleading is sufficient to show that Dr. Bicette violated Salas, Jr.'s constitutional rights when she refused to place him on a medical hold after receiving information from the paramedic that he had a serious medical need.

2.      Whether Plaintiffs Ch. 74 claims were pleaded within the statute of limitation.

## III. FACTUAL SUMMARY

3.      Hector Salas Jr., the father of three, died November 30, 2018, in the City of Galena Park jail due to Ben Taub, Richina Bicette, and Galena Park failing to protect and ignoring the medical and mental healthcare needs of Salas, Jr., resulting in his suicide.[Dkt. 9 ¶¶ 1]

4.      Salas, Jr. was suffering from severe depression, a mental illness. [Dkt. 9 ¶¶ 2]

5.    Salas, Jr. was taken into custody of Galena Park police department because he was suicidal. [Dkt. 9 ¶¶ 3]

6.    His wife, Andrea Salva, called the police because he had taken a handful of pills, in an attempt to commit suicide. [Dkt. 9 ¶¶ 4]

7.    On November 28, 2018, Galena Park Fire Department medics took Salas, Jr. was taken to Ben Taub after taking custody from Galena Park police department. [Dkt. 9 ¶¶ 5]

8.    Salas, Jr. arrived via ambulance on November 28, 2018 at 3:49 am. [Dkt. 9 ¶¶ 7]

9.    Officer Wells requested a forty-eight hour hold of the Galena Park Police Department. [Dkt. 9 ¶¶ 6]

10.    Salas was Dr. Bicette's patient. [Dkt. 9 ¶¶ 8]

11.    Salas told Dr. Bicette that he felt sad and messed up, he was depressed and took "a bunch of medications in a suicide attempt." [Dkt. 9 ¶¶ 9]

12.    More specifically, He told her that he had taken "5 Xanax, 5 to 6 Advil, 2 ibuprofens, and a fistful of Excedrin." [Dkt. 9 ¶¶ 10]

13.    Dr. Bicette noted in her medical chart Salas' final diagnoses as intentional self-harm poisoning by benzodiazepines, poisoning by propionic acid derivatives, Poisoning by aspirin. [Dkt. 9 ¶¶ 11]

14.    Despite understanding the critical mental health crisis that Salas, Jr. was in and his desire to self-harm, Dr. Bicette discharged Salas, Jr. [Dkt. 9 ¶¶ 12]

15. Salas, Jr. was discharged without a mental health hold just a few hours later at 1:13 pm. [Dkt. 9 ¶¶ 13]

16. Salas, Jr. was taken to Ben Taub for the specific protective reasons to place him on a protective hold, as requested by the Galena Park officer. [Dkt. 9 ¶¶ 14]

17. Bicette failure to conduct such an assessment, or a poorly handled assessment, can result in the suicide of a patient. [Dkt. 9 ¶¶ 15]

18. Salas Jr.'s wife called Galena Park police again the next day because her husband was still suicidal. [Dkt. 9 ¶¶ 17]

19. The jail noted he was suicidal upon intake. [Dkt. 9 ¶¶ 18]

20. A surveillance camera captured Salas's suicide attempts and suicide on video. [Dkt. 9 ¶¶ 19]

21. He was in the cell alone and for enough time to tear mattress cover fabric apart into thin strips. [Dkt. 9 ¶¶ 20]

## IV. ARGUMENTS AND AUTHORITIES

### Standard of Review

22. A motion to dismiss under rule 12(b)(6) is "viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2). In considering a motion to dismiss for failure to state a claim, a

complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Texas, Inc.*, 16 F. Supp. 3d 767, 773 (S.D. Tex. 2014). The Court must accept all well-pleaded facts as true and view those facts in the light most favorable to Plaintiffs. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

23.     A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, U.S. at 555). The complaint must contain sufficient factual allegations to state a claim for relief that is "plausible on its face." *See Ashcroft*, 556 U.S. at 678; *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). When there are well-pleaded factual allegations, a court should presume the allegations are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft*, 556 U.S. at 679.

### Applicable Law

24.     To state a claim under 42 U.S.C. Section 1983, a plaintiff must demonstrate: (1) a violation of the United States Constitution or of federal law, and (2) that the

9

violation was committed by someone acting under color of state law." In individual capacity Section 1983 suits, the Fifth Circuit applies a heightened pleading standard, which requires Plaintiffs to plead facts with particularity, focusing specifically on the conduct of the individual who caused the injury. *See Elliot v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985).

***Bicette was aware of plaintiff's risk of suicide but acted with deliberate indifference to her patient's risk of suicide by allowing his discharge and not placing a hold has demanded by Galena Park Police.***

25.    Plaintiffs set forth plausible facts sufficient to state a claim against Dr. Bicette and properly alleged constitutional violations under 42 U.S.C. 1983, specifically under the Fourteenth Amendment.

26.    Salas, Jr., was in police custody when he was taken by ambulance

27.    Bicette is a state actor. She worked for a state facility, Ben Taub.

28.    There existed a custodial relationship between Salas and defendant Dr. Bicette.

29.    When the State takes a person *into its custody* and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."). *Doe v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 862 (5th Cir. 2012)

30.    Salas, Jr. was taken into custody by a Galena Park officer who recognized that Mr. Salas was undergoing a mental health episode ordered that he was not free to leave, and to be taken to an emergency medical facility and be committed to an

10

involuntary hold pursuant to the Tex. Health & Safety Code § 573.001. [Dkt. 9 ¶¶ 6; ¶¶95-97]

31.     The information was conveyed to Dr. Bicette and she had firsthand knowledge that Salas, Jr. required special care and an emergency hold to protect him from any risk of harm to himself. Bicette violated her duty.

32.     Salas, Jr. substantive due process rights by failing to offer treatment to Salas, Jr. although she was aware that he had a serious medical need and failing to protect him from harming himself due to his deteriorating mental health.

33.     The Fourteenth Amendment guarantees pretrial detainees a right not to have their serious medical needs met with deliberate indifference on the part of the confining officials. *Dyer v. Houston*, 955 F.3d 501, 506 (5th Cir. 2020)(quoting *Thompson v. Upshur County*, 245 F.3d 447, 457 (5th Cir. 2001). Among the Fourteenth Amendment rights guaranteed to pretrial detainees are the right to medical care and the right to protection from harm, including medical care for and protection from known suicidal tendencies. *Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019).

34.     A serious medical need may exist for psychological or psychiatric treatment, just as it may exist for physical ills. A psychological or psychiatric condition can be as serious as any physical pathology or injury, especially when it results in suicidal tendencies. *Phoenix v. Lafourche Par. Gov't*, No. 19-13004, 2020 U.S. Dist. LEXIS 105685, at *1 (E.D. La. 2020)

35.     A pretrial detainee may prove a constitutional violation either by demonstrating an unconstitutional condition of confinement or by demonstrating an unconstitutional episodic act or omission. *Cadena v. El Paso Cty.*, 946 F.3d 717, 727 (5th Cir. 2020)

36.     When a plaintiff pursues an episodic-acts-or-omissions theory, she seeks to redress harms arising from "the particular act or omission of one or more officials," rather than conditions-of-confinement harms, which result directly from an institution's pervasive unconstitutional policy or practice. *Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019)

37.     Regardless of whether municipal or individual liability is at stake, the plaintiff must show that officials acted with deliberate indifference; "an extremely high standard to meet. To demonstrate deliberate indifference plaintiff must show that (1) the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) he must also draw the inference. *Dyer v. Houston*, 955 F.3d 501, 506 (5th Cir. 2020)

38.     An official may be held liable for his or her failure to protect only when he or she is deliberately indifferent to a substantial risk of serious harm. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003)

39.     Plaintiff pleaded that Salas, Jr. had a serious medical need, precisely that he was suffering from severe depression and a mental health episode and was in need of medical attention for this. [Dkt. 9 ¶¶ 2-4]

40.     Salas, Jr. was then taken into custody by a Baytown Police Dept. officer and sent to Ben Taub Hospital to tend to his serious medical need. [Dkt. 9 ¶¶ 3-6; 14]

41.     Once at Ben Taub, Salas, Jr. was in the care of Dr. Bicette, she was made aware of his suicidal ideations and that Salas, Jr. was brought to the hospital pursuant to an involuntary hold due to the deteriorating nature of his mental health. [Dkt. 9 ¶¶ 9-11; ¶¶43]

42.     However, Dr. Bicette chose to not hold or treat Salas, Jr.'s serious medical need and instead discharged him from her care only hours after he was brought in under police custody for  [Dkt. 9 ¶¶ 47; ¶¶87-90]

43.     Any services performed were so deficient as to the mental health needs of Salas, Jr. it amounted to no service at all.

44.     Plaintiff pleaded that Dr. Bicette failed to protect Salas, Jr. from harming himself by not treating him for his serious medical needs even though she knew of his serious medical need and should have implemented a plan to protect Salas, Jr. from harming himself or others.[Dkt. 9 ¶¶ 82-84; ¶¶87-90]

45.

***Bicette's Motion for Summary Judgment filed in State Court on February 8, 2021***

46.     The Motion for Summary Judgment filed on February 8, 2021, prior to removal, the defendant did not re-urge the motion upon removal but raised the issue of limitations in the Motion to Dismiss.

***Plaintiffs Ch.74 Claims, and all other claims are timely***

47. Plaintiffs timely filed their petition against Dr. Bicette and the other defendants by filing the petition on November 30, 2020, even though the last time the defendant attended to Mr. Salas was November 28, 2018.

48. November 28, 2020 was a Saturday. Texas Rule of Civil Procedure sets forth the computation of time in Rule 4, amended by Texas Supreme Court, Misc. Docket No. 13-9165, effective January 1, 2014.- In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday. Saturdays, Sundays, and legal holidays shall not be counted for any purpose in any time period of five days or less in these rules, except that Saturdays, Sundays, and legal holidays shall be counted for purpose of the three-day periods in Rules 21 and 21a, extending other periods by three days when service is made by mail.

49. The case was filed on November 30, 2020, the next business day after the Saturday, November 28, 2020 date of the expiration on the statute of limitations.

50. Defendants fail to provide any case law to support its contention that TRCP 4 should not apply, but instead rely on the argument that the two statues are in conflict and therefore plaintiffs should have filed their petition on Saturday November 28.

51.    Contrary to the defendant's assertion that the Texas Civil Practice and Remedies Code §16.072 is in conflict with Tex. Civ. Prac. & Rem. Code § 74.251(a), this is not the case. The two statutes affirm that a lawsuit must be brought within two year.

52.    A Texas Court of Appeals has decided these issues and acknowledged that for Chapter 74 claims, if a statute of limitations falls on Saturdays, Sundays, or legal holidays then the plaintiff statute of limitations ends the next date that the courts are open. *Moroles v. Doctor's Hosp. at Renaissance, Ltd.*, No. 13-09-00425-CV, 2010 Tex. App. LEXIS 1185, at *22 n.5 (Tex. App.—Corpus Christi Feb. 18, 2010).  There is no conflict between Tex. Civ. Prac. & Rem. Code Ann. 74.351(a) and Tex. R. Civ. P. 4 or Tex. Gov't Code Ann. § 311.014; therefore, health care liability claims were not dismissed based on an allegation of untimeliness under Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) where an expert report was mailed on a Monday, instead of on a Saturday. *Carpinteyro v. Gomez,* 403 S.W.3d 508, 2013 Tex. App. LEXIS 5336 (Tex. App. San Antonio May 1, 2013). See *McDaniels v. Mittemeyer*, No. 07-03-0234-CV, 2004 Tex. App. LEXIS 2612 (Tex. App.—Amarillo Mar. 24, 2004).

53.    In *McDaniels v. Mittemeyer*, The court determined the pro se litigant McDaniels who filed his medical malpractice claims 13 days after the limitations period ended suggestion that Saturdays, Sundays, and holidays are excluded from the calculation of the entire two-year period, he cited no authority supporting that proposition. The court further found that such a mode of calculating deadlines goes unmentioned in

those provisions of the Texas Government Code addressing the computation of time citing Tex. Gov't Code Ann. § 311.014 (Vernon 1998). Nor could one even say that Rule 4 of the Texas Rules of Civil Procedure authorizes the exclusion of weekends and holidays. See Tex. R. Civ. P. 4 (stating that Saturdays, Sundays, and legal holidays shall not be counted for any purpose in any time period of "five days or less" in these rules). Thus, the court rejected McDaniels' mode of calculating the relevant time period to exclude each Saturdays, Sundays, and legal holidays during the limitations period.

54.     In addition, the discovery rule does apply to Chapter 74 claims. The Plaintiffs here were not able to discover the actions of Dr. Bicette of discharging Salas, Jr. until they had access to Salas, Jr.'s medical records. Although it was known the next day that he was discharged by whom was unknown until his records were available.  Texas courts have found an injury to be "inherently undiscoverable" and thus eligible to delay accrual of statute of limitations "when the wrong and injury were unknown to the plaintiff because of their very nature and not because of any fault of the plaintiff." *S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996). In other words, an "injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence." *Id.*

55.     Moreover, there are tolling provisions that are available for the claims that do not relate to the Chapter 74 claims, namely the wrongful death, survival, and constitutional claims that allow for tolling under not only the discovery rule, but

16

section 16.063 of the civil practice and remedies code tolled limitations while the defendant was absent from the state, including intermittent absences totaling one day, and since the date of the event does not count under Tex. Gov't Code § 311.014(c). In *Ryes* the state appeals court found that in a plaintiff's negligence action against defendant resulting from a car accident, the trial court erred by granting defendant summary judgment based on the statute of limitations because defendant's five-day vacation out of the state tolled the statute of limitation under Tex. Civ. Prac. & Rem. Code Ann. § 16.063; [2]-Because the date on which the plaintiff filed his petition was a holiday, his petition was deemed filed the next day that the trial court was open under Tex. R. Civ. P. 21(f)(5)(A), and therefore his petition was timely filed. *Ryes v. Ross,* No. 01-18-00693-CV, 2019 Tex. App. LEXIS 7342   2019 WL 3917582 (Tex. App.—Houston [1st Dist.] Aug. 20, 2019)

56.     Accordingly, Plaintiffs Ch.74 Claims, and all other claims are timely.


***Plaintiff ADA and Section 504 Claims Were ProperlyPlead Against Harris Health System, d/b/a Ben Taub Hospital, Harris County Hospital District and are Proper Under the Law***

57.     This claim is against Harris Health System, d/b/a Ben Taub Hospital, Harris County Hospital District not Defendant Bicette.

58.     To succeed on a claim under Title II of the ADA, a plaintiff must prove: "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise

17

discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Smith v. Bd. of Comm'rs of the La. Stadium & Expositin Dist.*, 385 F. Supp. 3d 491 (E.D. La. 2019) (citing *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011)); *Lightbourn v. County of El Paso, Texas*, 118 F.3d 421, 428 (5th Cir. 1997).

59.    "The Rehabilitation Act is operationally identical to the ADA in that both statutes prohibit discrimination against disabled persons; however, the ADA applies only to public entities while the RA applies to any federally funded programs or activities, whether public or private." *Borum v. Swisher County*, No. 2:14-CV-127-J, 2015 U.S. Dist. LEXIS 8628, 2015 WL 327508, at 3 (N.D. Tex. Jan. 26, 2015) (citing *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010)).

60.    Courts utilize the same standards in analyzing claims under both the ADA and RA. *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011); *Bennett-Nelson v. Louisiana Board of Regents*, 431 F.3d 448, 454-55 (5th Cir. 2005); *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000).

61.    Under the ADA, a "disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities," a record of such an impairment, or being regarded as having such an impairment. 42 U.S.C. § 12102(1).

62.    Plaintiff properly pleaded that Salas,Jr. had a qualifying disability in their amended complaint.

63.   Salas, Jr. had been suffering from severe depression and this information was made known to the defendant by the EMS professionals who transported Salas to the hospital.[Dkt. 9¶¶93-95 ]

64.   The depression that Salas, Jr. suffered qualifies as a disability under the ADA because as plaintiff's have pointed out in their amended complaint, it substantially limited his ability to care for himself, to the point that he was a danger to himself. [Dkt. 9 ¶¶42-45 ]

65.   Plaintiff further pleaded that Dr. Bicette, and Ben Taub failed to reasonably accommodate Salas, Jr.'s disability by denying him medical treatment and instead released him after only a few hours of him attempting suicide.[Dkt. 9 ¶¶92-94; ¶¶87-90]

66.   There is no allegation that Salas, Jr. was held against he will. He was willing to get treatment had treatment been made available to him, he was discharged by Ben Taub's agent Bicette, until that time he was a person in custody he had not been released. He was not offered a 48 hour detention. There is no allegation that he ran off, or tried to escape.

67.   As a governmental entity, Harris Health System, d/b/a Ben Taub Hospital, Harris County Hospital District lacks a policy requiring contractors or employees to make provisions to protect those in custody that are under its care from suicide.

68.   Finally, plaintiff pleaded facts that demonstrate that such discrimination was because of Salas, Jr.'s mental disability. Harris Health System, d/b/a Ben Taub

Hospital, Harris County Hospital District was aware of his mental disability and yet failed to render any medical treatment or procedures for Salas, Jr.  [Dkt. 9 ¶¶8-15; ¶¶ 43-47; ¶¶ 82-84 ]

*Certificate of Conference*

69.    Plaintiffs counsel was made aware there was a misnomer related to the correct name of the entity that operates Ben Taub. The parties conferred whether plaintiffs would continue to pursue claims against Harris County or consider dismissing claims against Harris County and move forward with Plaintiffs' intention was to bring claims against the true entity that operates Ben Taub, Harris Health System, d/b/a Ben Taub Hospital, Harris County Hospital District. Both Harris County and Harris Health System, d/b/a Ben Taub Hospital, Harris County Hospital District clearly are represented by the same counsel, Harris County County Attorney's office. Plaintiff wishes to seek leave to serve the appropriate party subject to the misnomer. There is no prejudice to allow plaintiffs leave to serve the defendant, Harris Health System, d/b/a Ben Taub Hospital, Harris County Hospital District.

70.    Harris Health System, d/b/a Ben Taub Hospital, Harris County Hospital District seems to be waiving service in the filing of its responsive documents. If it is not Plaintiffs request leave to seek proper serve of the correct defendant Harris Health System, d/b/a Ben Taub Hospital, Harris County Hospital District.

## V. CONCLUSION

Plaintiffs have shown that the facts are sufficient to prove all of the pleadings in Plaintiff's Live Complaint [Dkt. 9]. Therefore, defendants' motion to dismiss should be denied. Plaintiffs have specifically plead:

●     Plausible facts sufficient to state a claim against Dr. Bicette for 14th amendment violation of Hector Salas, Jr.'s due process rights.
●     Plausible facts sufficient to state a claim against Dr. Bicette under the ADA and Section 504.

Plaintiff also brought their Ch. 74, Wrongful death and Survival claims within the statute of Limitations.

## VI. PRAYER

For the reasons set forth herein, Plaintiffs respectfully request that this Court deny the Defendant Harris Health System, d/b/a Ben Taub Hospital, Harris County Hospital District and Bicette's motion to dismiss, and allow full discovery interrogatories, admissions, production, and all subpoenas and duces tecum to witnesses, and depositions to witnesses and defendants, allow plaintiffs leave to serve the appropriate party..

Respectfully submitted,

/s/ U. A. Lewis
Texas Bar No. 24076511
Federal Bar No. 1645666
The Lewis Law Group
P.O. Box 27353
Houston, Texas 77227
Telephone: 713-570-6555

Facsimile: 713-581-1017
myattorneyatlaw@gmail.com
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on April 14, 2021, I served a true and correct copy of the proceeding Response to the Motion to Dismiss to all parties or counsel of record.

*/s/ U.A. Lewis*
U.A. LEWIS