United States District Court
Southern District of Texas

**ENTERED**

April 14, 2022

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ESTATE OF HECTOR SALAS, JR., | § | |
| HECTOR SALAS, SR., as representative | § | |
| and individually, ANDREA SILVA, | § | |
| individually and a/n/f for H.S. and A.S., | § | |
| CYNTHIA MONTIEL, a/n/f for E.S., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-484 |
| | § | |
| RICHINA BICETTE, in her individual | § | |
| capacity, BEN TAUB HOSPITAL, and | § | |
| HARRIS HEALTH SYSTEM, d/b/a | § | |
| BEN TAUB, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is a Motion to Reconsider Granting Defendant's Motion for Summary Judgment (Doc. No. 44) filed by Plaintiffs. Defendants Harris Health System and Ben Taub Hospital filed a response in opposition (Doc. No. 45), and so did Defendant Richina Bicette (Doc. No. 46).

On December 21, 2021, this Court granted summary judgment in favor of Defendants on all of Plaintiffs' claims. (Doc. No. 42, at 13). On January 12, 2022, the Court entered a take-nothing final judgment in favor of Defendants. (Doc. No. 43). In the motion under review, Plaintiffs urge this Court to reconsider its grant of summary judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), or in the alternative, Rule 59(e). (Doc. No. 44, at 1).

Whether Rule 59 or Rule 60 applies turns on when the motion was filed. *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it

was filed under Rule 59. *Id.* If it was filed outside of that time, it is analyzed under Rule 60. *Id.* Here, Plaintiffs filed their motion for reconsideration within the twenty-eight-day period permitted under Rule 59(e). Accordingly, the Court construes it as a Rule 59 motion, not a Rule 60 motion.

Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but were not. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Rather, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or to present newly discovered evidence." *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations and alterations omitted)). Like its Rule 60(b)(6) counterpart, Rule 59(e) is an "extraordinary remedy that should be used sparingly." *Id.*

Plaintiffs' motion makes three primary assertions: (1) the healthcare claims should not have been dismissed on statute of limitations grounds; (2) the Ranger Report raises a genuine issue of material fact as to Defendants' failure to accommodate; and (3) Plaintiffs were prejudiced by the granting of summary judgment without the benefit of discovery.

First, Plaintiffs' motion contends their healthcare liability claims were timely brought because the two-year statute of limitations expired on a Saturday, and their complaint was filed on the next business day, Monday, November 30, 2020. (Doc. No. 44, at 5–7). This is the exact same argument that this Court considered and rejected in its summary judgment order. (Doc. No. 42, at 5–6). A motion for reconsideration is not a vehicle to "rehash rejected arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005).

Second, Plaintiffs contend that their ADA and Rehabilitation Act claims were improperly dismissed in light of evidence contained in the Ranger Report, which—in Plaintiffs' view— supports their theory that Defendants failed to treat Salas and/or failed to take him into custody.

(Doc. No. 44, at 7–10). The Ranger Report was cited and relied upon by Plaintiffs in their summary judgment response. (Doc. No. 30, Ex. 1).[1] In its summary judgment order, the Court explained the "many problems" with the Ranger Report, including (1) its status as an unsworn report, (2) its statements constituting hearsay within hearsay, and (3) Ranger Parker's lack of qualifications to read and interpret medical records. (Doc. No. 42, at 10–11). Plaintiffs' motion for reconsideration addresses only the hearsay issues, and it makes no attempt to address the other problems identified by the Court. (Doc. No. 44, at 10). Thus, even assuming a hearsay exception is available, other issues with the report persist. It is not competent summary judgment evidence.

Third, Plaintiffs argue they were "left to set forth evidence to support claims without the benefit of discovery." (Doc. No. 44, at 11). They complain that the schedule set the deadline to respond to a motion for summary judgment before the close of discovery. Plaintiffs do not explain what material facts more discovery would uncover but instead merely provide the following:

> Depositions of fact witnesses including Dr Bircette, Officer Wells, Ranger Parker, EMT Gabrielle who released Salas to Ben Taub, Hospital staff changed his status to "LBTC" after 74 seconds, along with written discovery in the form of interrogatories to the defendants, admissions, and production.

(Doc. No. 44, at 16).

As the Fifth Circuit has explained, "Rule 56 does not require that *any* discovery take place before summary judgment can be granted." *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005) (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)). In any event, the litigation had been pending for over a year at the time this Court granted summary judgment.[2] Moreover, Plaintiffs do not explain why they did not request these depositions

---

[1] Indeed, as the Plaintiffs acknowledge in the motion under review, it was the only evidence Plaintiffs provided at the summary judgment stage. (Doc. No. 44, at 11).

[2] Plaintiffs filed suit on November 30, 2020 in the 164th District Court of Harris County, Texas. (Doc. No. 1, Ex. 1). Defendants removed the case to this Court on February 10, 2021. (Doc. No. 1). This Court granted summary judgment in favor of Defendants on December 21, 2021.

previously.[3] They could have requested these materials pursuant to Rule 56(d),[4] yet failed to do so. Plaintiffs cannot raise in a motion for reconsideration "arguments that could have been offered or raised before the entry of judgment" but were not. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Since Plaintiffs do not point to any manifest error of law in this Court's order or raise any newly discovered evidence, Plaintiffs' motion for reconsideration is **DENIED**.

SIGNED at Houston, Texas this 14 day of April, 2022.

Andrew S. Hanen
United States District Judge

---

[3] The only discovery Plaintiffs requested in their summary judgment response was for discovery from Defendant Ben Taub Hospital on the topic of hospital policies relating to suicide prevention procedures. (Doc. No. 30, at 15). However, Plaintiffs did not explain why they failed to previously request this, nor why any discovery material sought would make a difference to the pending motion for summary judgment.

[4] Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> >
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> >
> > (3) issue any other appropriate order.

FED. R. CIV. P. 56(d).